WARD, Judge,
concurring.
If the dissent herein is interpreted to require that Schwegmann’s should have made all of its Gentilly store employees testify that they did not cause the spill, I believe that this burden of proof is impractical in any supermarket slip and fall case, and also unjustified in the particular case at issue. It is obvious that a supermarket is simply not going to be able to collect all of the people it employed at the time of the plaintiff’s accident in order for them to testify. Placing such a proof burden on a defendant supermarket, I believe is unreasonable and, as Justice Cole points out in his dissent in McCardie, equivalent to requiring the proof of a negative.
Even if the dissent is interpreted only to require that Schwegmann's should have had “more” of its employees testify, I feel that this burden of proof is so vague as to render it meaningless. Schwegmann’s, or for that matter any defendant supermarket, will never know how many employee’s testimony is enough.
In any event, I believe McCardie is inapplicable in this case because Brown’s accident occurred in an area designed primarily for customers to eat after they had purchased food and drink from a service counter in another area. It is unlikely that employees would be there except of course for the performance of maintenance, and as a consequence, it is extremely unlikely that an employee and not a customer spilled the liquid.
For these reasons, I join Judge Armstrong and Judge Williams to reverse the Trial Court verdict.